**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4766**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

KELLY KAY PARDUE,

             Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., District Judge.  (8:07-cr-00276-HMH)

---

Submitted:  February 26, 2008        Decided:  August 11, 2008

---

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

---

Dismissed in part; affirmed in part by unpublished per curiam opinion.

---

William T. Clarke, SARRATT & CLARKE, Greenville, South Carolina, for Appellant.  William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelly Kay Pardue pled guilty to one count of conspiring to defraud the United States by making false claims with the Internal Revenue Service, in violation of 18 U.S.C. § 286 (2000), and nine counts of making false claims, in violation of 18 U.S.C. §§ 2, 287 (2000), and the district court sentenced her to twenty-four months in prison, restitution, and three years of supervised release. On appeal, Pardue's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issues of whether the district court erred in calculating Pardue's guideline range, denying her motion for a downward departure, and sentencing her to twenty-four months, and whether the district court's comments at sentencing afford her any basis for relief. Pardue was advised of her right to file a pro se supplemental brief but has not done so. We affirm.

We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). In assessing the reasonableness of the sentence, we focus on whether the district court abused its discretion in imposing the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We first examine the sentence for significant procedural errors, and then we look at the substance of the sentence. Id. A

sentence within a properly calculated sentencing guideline range is presumptively reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).  We review a district court's factual findings for clear error and its legal conclusions de novo.  United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

We have reviewed the record and find Pardue's sentence is both procedurally and substantively reasonable.  Although Pardue's counsel raises the issue of whether the district court properly calculated her guideline range and sentenced her to twenty-four months in prison, he concludes the sentence was within a properly calculated guideline range as well as the statutory maximum, and it was not unreasonable.  We agree.  We also agree that the district court's comments at sentencing do not indicate any misunderstanding regarding critical facts or issues by the court in selecting the sentence.  Because the record indicates the district court denied Pardue's motion for downward departure as unwarranted and was under no misperception as to its authority to depart, the court's refusal to depart is not subject to appellate review.  See Allen, 491 F.3d at 193.  Therefore, we dismiss this portion of the appeal.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore dismiss the appeal in part and affirm the district court's judgment.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court

of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>